Beth Creighton, OSB #972440
E-mail: *beth@civilrightspdx.com*
Nora Broker, OSB #164739
E-mail: nora@civilrightspdx.com
CREIGHTON & ROSE, PC
Suite 300 Powers Building
65 SW Yamhill Street
Portland, Oregon  97204-3316
Phone:   (503) 221-1792
Fax:       (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARIE GERTRUDE JEAN-VALMONT**, <br><br>Plaintiff, <br><br>vs. <br><br>**ADARA OAKS MANOR, an Oregon LLC, and IOANA CRISTUREAN, an individual,** <br><br>Defendants. | Case No. 3:17-cv-00909 <br><br>**COMPLAINT** <br><br>(Civil Rights Violations: Retaliation / Wrongful Termination - 42 USC §1981; Wage and Hour - FLSA §216, ORS 653.055, ORS 652.150; and FMLA - 29 USC §2615(a)) <br><br>***DEMAND FOR A JURY TRIAL*** |

**I.**

**INTRODUCTION**

1. Pursuant to 28 USC § 1981, Marie Gertrude Jean-Valmont seeks to vindicate the violation of her rights not to be discriminated against on the basis of her race and/or national origin and not to be retaliated against after she complained about and opposed such

PAGE 1 – COMPLAINT

CREIGHTON & ROSE, PC  ATTORNEYS AT LAW
65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

discrimination. Plaintiff also seeks redress for defendants interfering with her right to Family Medical Leave and her right to be paid for all of the hours she worked in a timely manner. Plaintiff also asserts a claim under state law for wrongful termination.

2. Plaintiff seeks damages, equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## II.

## JURISDICTION

3. This court has jurisdiction by virtue of 28 USC § 1331, 1343 and 42 USC § 1981.

## III.

## PARTIES

4. At all times material herein, Plaintiff Marie Gertrude Jean-Valmont (herein "Jean-Valmont") is a Black, Hatian-born resident of the State of Oregon.

5. Defendant Adara Oaks Manor, LLC (herein "Adara") formed an employment contract with Jean-Valmont and was her employer from November of 2014 until it terminated her in December of 2015 and is responsible for the acts described herein.

6. Defendant Ioana Cristurean (herein "Cristurean") was Jean-Valmont's supervisor, empowered by Defendant Adara Oaks Manor to effect significant change in Jean-Valmont's employment status and at all times relevant herein had the power to reassign Jean-Valmont's responsibilities and causing a significant change in benefits.

## IV.

## FACTS

7. Ms. Jean-Valmont began working for Adara as a caregiver in November of 2014.

CREIGHTON & ROSE, PC ATTORNEYS AT LAW
65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

She was the only Black Hatian employee who worked for defendants.

8. During the course of her employment with defendants, defendants did not allow Jean-Valmont to take the mandatory breaks and lunches in accordance with Oregon law. After Jean-Valmont complained about this, defendants would take pay for her lunches out of her paycheck, without permitting her to actually take a break to eat her lunch, depriving her of pay for time she had worked.

9. In addition to the break and lunch issues, Adara regularly failed to pay Ms. Jean-Valmont overtime in accordance with the law.

10. On several occasions, Adara paid Jean-Valmont with bad checks, that is, checks for which Adara knew it did not have sufficient funds to cover the amount of the check. Adara also delayed payment of wages to Jean-Valmont, failed to pay her overtime when required to do so by law, provided her with a check the bank reported as "counterfeit," and falsely represented the status of Jean-Valmont's pay.

11. Jean-Valmont complained several times about not receiving timely payment for her wages, being issued checks that bounced and being lied to about payment being made. Jean-Valmont pointed out to the administrator Spencer Ross that other non-Black employees got their checks paid on time, and raised concerns that she wasn't being paid on time because she was Black and because she had an accent.

12. On or about October 16, 2015, Jean-Valmont experienced severe pain in her knee and went to the emergency room and missed work. She had had surgery previously on this knee and was under a doctor's care for this condition. Jean-Valmont informed defendants that she was unable to come to work because she was in the emergency room. Defendants fired Jean-

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

Valmont telling her that since she did not come in, she was fired.

13. Soon thereafter, defendants rehired Jean-Valmont.

14. In November of 2015, Jean-Valmont informed Adara that she had limitations with her knee, and requested accommodations to work on the first floor. Adara denied this request, and required her to work on her leg, climbing up and down the stairs multiple times a day, causing further pain to her knee. They did not treat their Caucasian employees in a similarly callous manner.

15. On or about November 30, 2015, Jean-Valmont requested her scheduled shift on December 4, 2015, be moved to 2 pm, rather than 6 am. The administrator granted that request, but when Jean-Valmont reported to work at 2 pm, defendants fired her, accusing her of not showing up for work and claiming they had not given approval for her schedule change.

16. Adara did not pay Jean-Valmont her last paycheck until December 22, 2015. Jean-Valmont's final rates of pay were $11/hour, and $16.50/hour for overtime and holiday hours.

17. Defendants received notice of their failure to pay timely wages and failed to make payment within the 12 days.

18. Defendants' conduct constituted adverse employment action and were taken against her without justification and were a result of discrimination and/or retaliation.

19. As a result of the above, Jean-Valmont has suffered and continues to suffer emotional distress, mental trauma, mental pain and suffering, and depression.  As a result of the above, Jean-Valmont has suffered and is suffering a loss of past and future earnings and work-related benefits.

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

# V.

# CLAIMS

## FIRST CLAIM FOR RELIEF
### (Violation of 42 USC §1981)

20. As applicable, Jean-Valmont realleges and incorporates the above.

21. As alleged herein, defendants impaired Jean-Valmont's contract rights on the basis of race, ethnicity and/or national origin in violation of 42 USC §1981.

22. Jean-Valmont is entitled to a declaratory judgment determining that defendants violated her rights under 42 USC §1981 and an order requiring defendants to take appropriate steps to make her whole.

23. Jean-Valmont should be awarded substantial economic, non-economic, and punitive damages against defendants as allowed under federal law.

24. Jean-Valmont should be awarded her reasonable attorney fees and litigation expenses/costs, including expert witness fees against defendants as allowed under federal law.

## SECOND CLAIM FOR RELIEF
### (Retaliation)

25. As applicable, Jean-Valmont realleges and incorporates the above.

26. As described above, defendants retaliated against Jean-Valmont after she made a complaint alleging discrimination based on race, ethnicity and/or national origin in violation of 42 USC §1981.

27. Jean-Valmont is entitled to a declaratory judgment determining that defendants violated her rights under 42 USC §1981 and an order requiring defendants to take appropriate steps to make her whole.

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

28. Jean-Valmont should be awarded substantial economic, non-economic, and punitive damages against defendants as allowed under federal law.

29. Jean-Valmont should be awarded her reasonable attorney fees and litigation expenses/costs, including expert witness fees against defendants as allowed under federal law.

### THIRD CLAIM FOR RELIEF
### (FMLA Violation)

30. As applicable, Jean-Valmont realleges and incorporates the above.

31. Jean-Valmont took leave for her serious health condition. As such, she was entitled to all rights afforded by the FMLA.

32. Defendants failed to adequately notify Jean-Valmont of her FLMA rights and leave.

33. Defendants violated FMLA by interfering with the exercise of Jean-Valmont's FMLA rights and/or discriminating against her for exercising her FMLA rights in violation of 29 USC §2615(a).

34. Defendants violated FMLA by terminating Jean-Valmont's employment in substantial part because of and in retaliation for Jean-Valmont's exercise of her rights under FMLA.

35. As a result of defendants' violation of FMLA, Jean-Valmont is entitled to her lost wages, employment benefits, plus interest, and an additional amount equal to the sum of her lost wages, benefits and interest as liquidated damages.

36. As a result of defendants' FMLA violations, Jean-Valmont is also entitled to appropriate equitable relief, including reinstatement.

PAGE 6 – COMPLAINT

CREIGHTON & ROSE, PC ATTORNEYS AT LAW
65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

## FOURTH CLAIM FOR RELIEF
### (Wrongful Termination)

37. As applicable, Jean-Valmont realleges and incorporates the above.

38. The behavior described in paragraphs 8 through 10 above was conducted by defendants substantially in retaliation for plaintiff's pursuit of the employment-related right of important public interest of reporting and opposing defendants' fraudulent and illegal behavior.

39. Jean-Valmont is entitled to a declaratory judgment determining that defendants violated her rights under 42 USC §1981 and an order requiring defendants to take appropriate steps to make her whole.

40. Jean-Valmont should be awarded substantial economic, non-economic, and punitive damages against defendants as allowed under common law.

## FIFTH CLAIM FOR RELIEF
### (Wage and Hour Violations)

41. As applicable, Jean-Valmont realleges and incorporates the above.

42. As described above, defendants failed to compensate Jean-Valmont for all hours Adara suffered or permitted her to work.

43. As described above, defendants failed to pay Jean-Valmont overtime pay for time she worked over 40 hours in a workweek.

44. Jean-Valmont is entitled to recover all wages owing for uncompensated hours in which plaintiff was suffered or permitted to work in excess of 40 hours per week.

45. Jean-Valmont is entitled to recover liquidated damages in an amount equal to unpaid overtime wages, pursuant to FLSA §216.

46. Jean-Valmont is entitled to recover a state penalty pursuant to ORS 653.055 for

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

Adara's failure to pay all overtime wages.

47. Jean-Valmont is entitled to recover a state penalty pursuant to ORS 652.150 for Adara's failure to pay all wages due at termination.

48. Jean-Valmont is entitled to recover costs, disbursements, and attorney fees for prevailing in any portion of her claim for unpaid wages.  ORS 652.200; ORS 653.055; ORS 652.610; FLSA § 216.

**WHEREFORE**, Plaintiff Jean-Valmont prays for the court to:

1. Accept jurisdiction of this case and grant the jury trial request;

2. Award plaintiff any lost back pay, front pay and work-related benefits, and damages for loss of earning capacity, against defendants in amounts to be determined at trial;

3. Award plaintiff compensatory damages against defendants in an amount to be determined at trial;

4. Award of liquidated damages in an amount equal to unpaid overtime wages, pursuant to FLSA §216;

5. Award of a state penalty pursuant to ORS 653.055 for Adara's failure to pay all overtime wages;

6. Award of a state penalty pursuant to ORS 652.150 for Adara's failure to pay all wages due at termination;

7. Award plaintiff the amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

8. Award plaintiff her attorney fees, litigation expenses/costs, and expert witness

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

fees against defendants; and

9. Grant such other relief as is just and proper.

DATED this 8th day of June, 2017.

CREIGHTON & ROSE, PC

 s/ Beth Creighton
BETH CREIGHTON, OSB #972440
beth@civilrightspdx.com
Nora Broker, OSB #164739
nora@civilrightspdx.com
Of Attorneys for Plaintiff
65 SW Yamhill Street, Suite 300
Portland, Oregon 97204
Tel.: (503) 221-1792

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com